UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH BYRD,
    Plaintiff,

v.                                                            Case No.: 3:25cv785/TKW/ZCB

T. DUDLEY, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. After performing its screening duties under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)-(b), the Court identified several deficiencies in Plaintiff's amended complaint. (Doc. 9). Plaintiff has now filed a second amended complaint. (Doc. 10).

The Court is required to screen Plaintiff's second amended complaint to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from immune defendants. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)-(b). Because Plaintiff

fails to state a claim against Defendants J. Smith, M. Morgan, and T. Dudley, Plaintiff's claims against those Defendants should be dismissed.[1]

## I. Plaintiff's Allegations[2]

Plaintiff's second amended complaint names five Defendants who are employees at Blackwater River Correctional Facility: (1) Officer Cruz; (2) Sgt. Barret; (3) Chief of Security J. Smith; (4) Assistant Facility Administrative Operator M. Morgan; and (5) Facility Administrator T. Dudley. (Doc. 10 at 2-5). He sues them all in their individual capacity. (*Id.*).

Plaintiff alleges that on October 22, 2023, Defendants Officer Cruz and Sgt. Barret escorted him to the shower from medical. (*Id.* at 6). Defendants Cruz and Sgt. Barret had overheard Plaintiff telling medical staff that he would be "writing Grievances on them." (*Id.*). Plaintiff alleges that Officer Cruz and Sgt. Barret retaliated against him by

---

[1] The Court previously provided Plaintiff an opportunity to amend after explaining to him deficiencies in his prior pleadings. (Docs. 7, 9). Nonetheless, Plaintiff's second amended complaint still contains deficiencies. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

[2] Plaintiff's allegations are assumed true at this stage. *DeVillier v. Texas*, 601 U.S. 285, 288 n.1 (2024).

punching him in the face and kicking him in the chest. (*Id.*). Plaintiff claims he suffered a broken jaw. (*Id.*). Plaintiff also alleges that on September 26, 2024, Defendant Sgt. Barret failed to protect him from an attack by another inmate. (*Id.* at 8).

Plaintiff alleges that he "complain[ed]" to Defendants J. Smith, M. Morgan, and T. Dudley about these incidents. (*Id.* at 7, 9). He accuses these Defendants of failing to investigate the incidents, failing to act on his grievances, and failing to transfer him for his safety. (*Id.*).

Plaintiff brings Eighth Amendment claims against Defendants. (*Id.* at 10). He seeks monetary damages. (*Id.*).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely

3

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

Whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

In Plaintiff's previous version of his complaint, he sought to bring due process claims against Defendants Smith, Morgan, and Dudley for "disregarding" his grievances. (Doc. 8 at 9). Now, Plaintiff tries to couch his claims against Defendants Smith, Morgan, and Dudley as Eighth Amendment claims. Plaintiff alleges that Defendant Smith, the Chief of

Security at Blackwater, violated the Eighth Amendment by failing to investigate the incidents on October 22, 2023, and September 26, 2024, after Plaintiff complained.  (Doc. 10 at 10).  Plaintiff also alleges that Defendants Morgan and Dudley, two administrative officials at Blackwater, failed to secure his safety by transferring him after he asked for a transfer.  (*Id.*).

As Plaintiff was previously told, the Eleventh Circuit has held that denying grievances does not violate an inmate's constitutional rights. *Bingham v. Thomas*, 654 F.3d 1171, 1177-78 (11th Cir. 2011).  Because the crux of Plaintiff's complaints against Smith, Morgan, and Dudley has to do with their response to his "complaints" or grievances, Plaintiff fails to allege that Defendants Smith, Morgan, and Dudley violated his constitutional rights.  *See, e.g.*, *Coleman v. Bowden*, 797 F. App'x 422, 427 (11th Cir. 2019) (affirming district court's dismissal of claim when defendant's only involvement in the case was reviewing an "emergency" grievance and returning the grievance without action); *Jackson v. Fla. State Hosp.*, No. 3:20cv200, 2020 WL 5239116, at *2 (N.D. Fla. June 26, 2020) ("Where a state actor's role is limited to the denial of administrative grievances, or the failure to act with respect to such

grievances, such state actors are not liable under § 1983 on the theory that their actions constituted an acquiescence with respect to the alleged unconstitutional conduct.").

Moreover, Plaintiff's allegations of Defendants' failure to investigate or transfer Plaintiff after the incidents do not rise to the level of a violation of Plaintiff's constitutional rights. The failure to investigate Plaintiff's claims in a manner satisfactory to him is not a constitutional violation. *See, e.g.*, *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (noting an arrestee had no constitutional right to an investigation following plaintiff's complaint of excessive force); *Mallory v. Hetzel*, No. 2:12cv1011, 2016 WL 5030469, at *14 (M.D. Ala. Aug. 26, 2016) (recognizing "[i]nmates simply do not enjoy a constitutional right to an investigation of any kind by government officials"). "The Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened." *Jacoby v. PREA Coordinator*, No. 5:17cv53, 2017 WL 2962858, at *5 (N.D. Ala. Apr. 4, 2017). And Plaintiff is not entitled to be housed in a facility of his choosing. *See, e.g.*, *Miller v. Garner*, No. 699-83, 2001 WL 35184918, at *5 (S.D. Ga. Aug. 28, 2001) ("By denying

Plaintiff a transfer from GSP to another facility of his choosing, Defendants did not violate any recognized constitutional right.").

To state an Eighth Amendment deliberate indifference or failure-to-protect claim, Plaintiff must assert facts which demonstrate that Defendants knew of and disregarded "an excessive risk" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has alleged no such facts here. He does not allege Smith, Morgan, or Dudley were aware of any risk to his health or safety prior to the harms occurring on October 22, 2023, and September 26, 2024. Rather, Plaintiff states that he complained to them only after these incidents happened. Plaintiff, therefore, has failed to plausibly allege that Defendants Smith, Morgan, and Dudley were deliberately indifferent to a substantial risk of serious harm or failed to protect him. *See Jacoby*, 2017 WL 2962858, at *5 (dismissing plaintiff's Eighth Amendment claim for failure to state a claim when plaintiff alleged defendants failed to investigate incidents after the fact); *Williams v. Warden, Century Corr. Inst.*, No. 3:25cv1414/AW/HTC, 2025 WL 3635028, at **4-5 (N.D. Fla. Oct. 16, 2025) (dismissing plaintiff's failure-to-protect claim because plaintiff did

not allege defendants were aware of a sufficiently serious threat to the inmate's safety).

Finally, to the extent Plaintiff alleges that Defendants failed to follow the institution's procedures in responding to his complaints, the failure of state prison officials to follow their own procedures does not, of itself, violation the Constitution. *See, e.g.*, *Sandin v. Connor*, 515 U.S. 472, 481-82 (1995) (recognizing prison procedures do not "confer rights on inmates").

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Eighth Amendment claims against Defendants J. Smith, M. Morgan, and T. Dudley be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. This matter be recommitted to the undersigned for further proceedings on Plaintiff's Eighth Amendment claims of excessive force and failure to protect claims against Defendants Officer Cruz and Sgt. Barret.

At Pensacola, Florida, this 4th day of February 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.